**LILI ZHOU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–3073–ag.

United States Court of Appeals, Second Circuit.

Feb. 20, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Lili Zhou, a citizen of China, seeks review of a June 12, 2006 order of the BIA affirming the January 10, 2005 decision of Immigration Judge ("IJ") William F. Jankun denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Lili Zhou,* No. A95 198 977 (B.I.A. June 12, 2006), *aff'g* No. A95 198 977 (Immig. Ct. N.Y. City Jan. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In this case, the BIA did not explicitly adopt the IJ's decision, but dismissed Zhou's appeal in all respects except the IJ's frivolousness finding. Thus, this Court reviews the IJ's decision as modified by the BIA, i.e., "minus the single argument for denying relief that was rejected by the BIA." *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

An applicant for asylum bears the burden of proving by clear and convincing evidence that her application was filed within one year of her arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Here, the IJ dismissed Zhou's asylum claim because she failed to prove that she filed her application within one year of her entry into the United States, and she

failed to establish an exception to that filing deadline. Because the BIA dismissed Zhou's appeal in all respects except the frivolous finding, the IJ's pretermission of Zhou's untimely asylum claim still stands. In this case, neither party acknowledges that the IJ pretermitted Zhou's asylum claim. Because Zhou does not raise any arguments regarding the one-year bar finding, she has waived any challenge to this finding. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir. 2006). Because we lack jurisdiction to review an IJ's determination that a petitioner's asylum application was pretermitted, Zhou's asylum claim is dismissed. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006) (holding that we have authority to review only constitutional claims and questions of law related to one-year bar findings).

Although the BIA did not expressly "adopt" the IJ's adverse credibility determination, its analysis regarding that finding closely tracked the IJ's reasoning and added one additional factor. Accordingly, we review the IJ's adverse credibility determination as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We find that the agency's adverse credibility finding is supported by substantial evidence.

 Zhou was unable to explain clearly when her alleged abortion occurred in relation to when she learned of her pregnancy and when her daughter was born. Because the abortion was the main element of Zhou's claim, the IJ was reasonable in questioning her credibility due to her failure to mention her abortion in either of her first two written applications. In addition, a reasonable fact-finder would not have been compelled to accept her explanation about the omissions because she was inconsistent about when she in-

formed her attorneys about the abortion. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Even though Zhou attempted to retract her original asylum claim, the IJ was reasonable in considering her original willingness to testify about that fraudulent claim in assessing her credibility. *Cf. Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006); *In re O–D–,* 21 I. & N. Dec. 1079, 1082 (BIA 1998) (finding that the submission of a fraudulent document in support of an asylum claim can render the applicant's claims subject to an adverse credibility finding where those documents go to the heart of an asylum claim). Lastly, the BIA was reasonable in noting that Zhou's failure to provide a letter from her mother affected her credibility. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 78. Because Zhou's mother was in a good position to verify her claims, the BIA was reasonable in rejecting Zhou's explanation for failing to provide a letter from her mother. *See, e.g., Majidi,* 430 F.3d at 80–81. Because all of these findings are supported by substantial evidence, and because they directly relate to the essential elements of Zhou's past persecution claim, the agency reasonably determined that Zhou failed to present credible evidence that she was forced to have an abortion in China. Accordingly, the agency properly found that Zhou did not establish that she suffered past persecution.

 Before the IJ, Zhou asserted that she would face persecution and torture upon return to China if she had more children. The IJ denied both of these claims on the merits because Zhou failed to prove that she would have children in the future. The IJ also found that Zhou failed to prove that she would face harm in China for her alleged illegal departure because she failed to prove that she left

China illegally. However, Zhou does not raise any arguments regarding either of these future persecution or torture claims in her brief to this Court. Therefore, Zhou has waived any argument that she may face future harm in China. *See Jian Wen Wang*, 437 F.3d at 278. Accordingly, the IJ's denial of Zhou's withholding of removal claim, based on her failure to credibly prove past persecution in China, was proper. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). In addition, the IJ also properly denied Zhou's CAT claim for lack of credibility because that claim was based on the same factual predicate as her withholding of removal claim. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction in part and DENIED in part. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.